CHRISTOPHER CHIOU
Acting United States Attorney
District of Nevada
Nevada Bar No. 14853
JAMES A. BLUM
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
james.blum@usdoj.gov
*Attorneys for the United States*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>    v.<br><br>$59,000.00 IN UNITED STATES CURRENCY,<br><br>               Defendant. | 3:21-CV-173-HDM-CLB<br><br>**Settlement Agreement for Entry of Judgment of Forfeiture as to Ian Hunter Anderson and Order** |

The United States and Ian Hunter Anderson and his counsel, Lee T. Hotchkin, agree as follows:

1.     This case is a civil forfeiture action seeking to forfeit $59,000 under 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6).

2.     Ian Hunter Anderson knowingly and voluntarily agrees to the civil judicial forfeiture of the $59,000.

3.     Ian Hunter Anderson knowingly and voluntarily agrees to forfeit the $59,000.

4.     Ian Hunter Anderson knowingly and voluntarily agrees to relinquish all rights, title, and interest in the $59,000.

5.     Ian Hunter Anderson knowingly and voluntarily agrees to waive his right to any civil judicial forfeiture proceedings (proceedings) concerning the $59,000.

6.     Ian Hunter Anderson knowingly and voluntarily agrees to waive service of process of any and all documents filed in this action or any proceedings concerning the $59,000 arising from the facts and circumstances of this case.

7.     Ian Hunter Anderson knowingly and voluntarily agrees to waive any further notice to him, his agents, or his attorney regarding the forfeiture and disposition of the $59,000.

8.     Ian Hunter Anderson knowingly and voluntarily agrees not to file any claim, answer, petition, or other documents in any proceeding concerning the $59,000.

9.     Ian Hunter Anderson knowingly and voluntarily agrees to withdraw any claims, answers, counterclaims, petitions, or other documents he filed in any proceedings concerning the $59,000.

10.     Ian Hunter Anderson knowingly and voluntarily agrees to waive the statute of limitations, the CAFRA requirements, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions A, C, E, and G, 18 U.S.C. § 983, the constitutional requirements, and the constitutional due process requirements of any forfeiture proceedings concerning the $59,000.

11.     Ian Hunter Anderson knowingly and voluntarily agrees to waive his right to a trial on the forfeiture of the $59,000.

12.     Ian Hunter Anderson knowingly and voluntarily agrees to waive (a) all constitutional, legal, and equitable defenses to, (b) any constitutional or statutory double jeopardy defense or claim concerning, and (c) any claim or defense under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fines or cruel and unusual punishments in any proceedings concerning the $59,000.

13.     Ian Hunter Anderson knowingly and voluntarily agrees to the entry of a Judgment of Forfeiture of the $59,000 to the United States.

/ / /

/ / /

14. Ian Hunter Anderson understands that the forfeiture of the $59,000 shall not be treated as satisfaction of any assessment, restitution, fine, cost of imprisonment, or any other penalty that may be imposed on Ian Hunter Anderson in addition to forfeiture.

15. Ian Hunter Anderson knowingly and voluntarily agrees to the conditions set forth in this Settlement Agreement for Entry of Judgment of Forfeiture as to Ian Hunter Anderson and Order (Settlement Agreement).

16. Ian Hunter Anderson knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Drug Enforcement Administration, the Nevada Highway Patrol, the Reno Police Department, the Washoe County Sheriff's Office, the Sparks Police Department, the Department of the United States Treasury, and their agencies, their agents, and their employees from any claim made by Ian Hunter Anderson or any third party arising out of the facts and circumstances of this case.

17. Ian Hunter Anderson knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Drug Enforcement Administration, the Nevada Highway Patrol, the Reno Police Department, the Washoe County Sheriff's Office, the Sparks Police Department, the Department of the United States Treasury, and their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that Ian Hunter Anderson now has or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property in the civil judicial forfeiture.

18. Ian Hunter Anderson knowingly and voluntarily acknowledges, understands, and agrees that (a) federal law requires the Department of the United States Treasury and other disbursing officials to offset federal payments to collect delinquent tax and non-tax debts owed to the United States and to individual states (including past-due child support); (b) if an offset occurs to the payment to be made pursuant to this agreement, they will receive a notification from the Department of the United States Treasury at the

last address provided by them to the governmental agency or entity to whom the offset payment is made; (c) if they believe the payment may be subject to an offset, they may contact the Treasury Department at 1-800-304-3107; (d) the terms of this settlement do not affect the tax obligations fines, penalties, or any other monetary obligations owed to the United States or an individual state; and (e) the exact sum delivered to Lee T. Hotchkin, on behalf of him, may well be a lesser sum, if the Treasury Offset Program reduces the amount in satisfaction of a debt obligation.

19. After the property is forfeited in the civil case and the United States District Court has signed the Settlement Agreement concerning the property, within a practicable time thereafter for the United States, the United States agrees to release to Ian Hunter Anderson one payment of $20,000.00 less any debt owed to the United States, any agency of the United States, or any debt in which the United States is authorized to collect, through Lee T. Hotchkin. Ian Hunter Anderson knowingly and voluntarily agrees to fill out the Department of the United States Treasury Automated Clearing House (ACH) form accurately and correctly and submit it to the United States Attorney's Office so that the payment of the money can be disbursed by electronic fund transfer. Ian Hunter Anderson knowingly and voluntarily agrees the $$20,000.00 may be offset by any debt owed to the United States, any agency of the United States, or any debt in which the United States is authorized to collect.

20. Each party acknowledges and warrants that its execution of the Settlement Agreement is free and is voluntary.

21. The Settlement Agreement contains the entire agreement between the parties.

22. Except as expressly stated in the Settlement Agreement, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Settlement Agreement, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Settlement Agreement.

23.     The persons signing the Settlement Agreement warrant and represent that they have full authority to execute the Settlement Agreement and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Settlement Agreement.

24.     This Settlement Agreement shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Settlement Agreement is the unofficial Northern Division of the United States District Court for the District of Nevada, located in Reno, Nevada.

25.     Each party shall bear his or its own attorneys' fees, expenses, costs, and interest.

26.     This Settlement Agreement shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Settlement Agreement.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1     IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was

2 reasonable cause for the seizure and forfeiture of the $59,000.

3

4 Dated: 6/28/21               Dated: 07/07/21

5 HOTCHKIN LAW               CHRISTOPHER CHIOU
  50 West Liberty Street            Acting United States Attorney
6 Suite 207

7 Reno, Nevada 89501

8 _____

9 LEE T. HOTCHKIN, ESQ.          JAMES A. BLUM
  *Counsel for Ian Hunter Anderson*     Assistant United States Attorney
10                           *Attorneys for the United States*

11

12 Dated: 6/24/2021

13

14 Ian Hunter Anderson

15

16

17

18

19                     IT IS SO ORDERED:

20

21

22                     HOWARD D. MCKIBBEN
                       UNITED STATES DISTRICT JUDGE
23

24                     DATED: July 8, 2021

25

26

27

28

6